FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 21 2013

CENTRAL DISTRICT OF CALIFORNIA
BY shy          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ISRAEL BALDENEBRO BRICENO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>F. FULK, et al.,<br><br>　　　　Respondents. | Case No.  CV 13-00823 RGK (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Israel Baldenebro Briceno ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at a March 13, 2009 conviction in the California Superior Court for Los Angeles County of three counts of assault with a deadly weapon, two of which inflicted great bodily injury, and a finding that his offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang (case no. NA078852).

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on March 13, 2009, and sentenced on March 24, 2009. On August 4, 2010, the California Court of Appeal remanded for modifications to Petitioner's sentence but affirmed the judgment (case no. B215586). Petitioner did not file a petition for review of that decision in the California Supreme Court. (Pet. at 2-3; state court records.) As a result, for purposes of AEDPA's limitations period, his conviction became final on September 13, 2010, the fortieth day after the California Court of Appeal affirmed the judgment. *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Duncan*, 297 F.3d at 812-13.

The statute of limitations then started to run the next day, on September 14, 2010, and ended a year later on September 14, 2011. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until February 1, 2013 -- 506 days (nearly 17 months) after the expiration of the limitations period.[2]

///

---

[1] The Court takes judicial notice of records in the state appellate courts that relate to this action, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on February 1, 2013, the postmark date reflected on the envelope containing the Petition.

1  Accordingly, absent some basis for tolling or an alternative start date to the
2  limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

### C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The face of the Petition and relevant state court records establish Petitioner filed two state habeas petitions, one in the court of appeal (case no. B237207) and one in the California Supreme Court (case no. S202490). However, the first of those petitions was not filed until November 14, 2011, 61 days after the limitations period expired on September 14, 2011. As a result, Petitioner is not entitled to any statutory tolling. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

## E. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*

1 | *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

The Petition does not set forth any facts for equitable tolling.

## ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **March 21, 2013**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

///
///
///

Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.

IT IS SO ORDERED.

DATED: February 21, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE